ANNA MORTON, Plaintiff in Error, *vs.* FORA ROBINSON, Admr., Defendant in Error.

*Opinion filed December 17, 1912.*

APPEALS AND ERRORS—*when the Appellate Court should remand upon reversal.* One having a claim against an estate is entitled to a jury trial in the county court as well as in the circuit court, and if the Appellate Court reverses a judgment in favor of the claimant it should remand the cause for another trial unless it reverses as the result of finding the ultimate facts different from the finding by the court below, and in such case the facts so found must be recited by the Appellate Court in its judgment; and this is so even though there was a waiver of jury trial in the court below, as such waiver does not apply to a new trial after reversal.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding.

NOLEMAN & SMITH, and HOLT & WILSON, for plaintiff in error.

ALBERT & MATHENY, and KAGY & VANDERVORT, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The plaintiff in error, Anna Morton, filed a claim in the county court of Marion county, based upon a promissory note bearing date January 3, 1907, for the sum of $10,000, due one year after date, with interest at seven per cent per annum, against the estate of J. S. Morton, deceased, which claim was allowed by said county court. Upon appeal to the circuit court of said county the claim was allowed in that court as a claim of the seventh class against said estate for the sum of $12,854.32. Upon appeal to the Appellate Court for the Fourth District the judgment of the circuit court was reversed on the ground

the note was without consideration, and the cause was remanded to the circuit court, with directions to that court to enter an order disallowing said claim and to certify the cause to the county court with directions to that court to disallow said claim, and the record has been brought to this court for further review by writ of *certiorari*.

The plaintiff in error was entitled to a trial upon her claim in the county court as well as in the circuit court before a jury unless a trial by jury was waived, which waiver, unless renewed, would not apply to a new trial after reversal. Upon the reversal of the judgment of the circuit court by the Appellate Court the cause should have been remanded to the circuit court for a new trial unless the Appellate Court found the facts different from the finding of the circuit court, in which event the Appellate Court should have made a finding of fact and incorporated the same in its judgment, in accordance with the provisions of section 120 of the Practice act. (Hurd's Stat. 1911, p. 1788.) It was therefore reversible error for the Appellate Court, this being a proceeding in which the plaintiff in error, upon remandment, was entitled to a jury trial, to remand the cause with directions.

The judgment of the Appellate Court will be reversed and the cause will be remanded to that court, with directions to enter a judgment reversing and remanding, reversing without remanding or affirming the judgment of the circuit court, and if the cause is reversed without remanding, that there be incorporated in the judgment of the Appellate Court a finding of the ultimate facts, as provided by section 120 of the Practice act.

*Reversed and remanded, with directions.*